IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DREENA M. BARKER,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>  Defendant. | Case No. 1:09-cv-72-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is an action filed by Plaintiff, Dreena M. Barker, asking the Court to reverse the final agency decision denying her application for Disability Insurance Benefits (hereafter "DIB") under the Social Security Act. Plaintiff argues the ALJ's decision that Plaintiff was able to perform her past relevant work as of her last date of eligibility was not supported by substantial evidence.

  The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Doyal v. Barnhart*,

331 F.3d 758, 760 (10th Cir. 2003) (citation omitted), and "requires more than a scintilla but less than a preponderance," *Lax*, 489 F.3d at 1084. The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *See Lax*, 489 F.3d at 1084.

The issue before the Court is whether the ALJ's finding that Plaintiff was able to perform her past relevant work is supported by substantial evidence. Having carefully reviewed and considered the ALJ's decision, the record, and the parties' pleadings, the Court concludes that the ALJ's decision is supported by substantial evidence.

It is uncontested that Plaintiff's last date of eligibility for DIB was March 31, 2003; therefore, the ALJ examined the medical records from before March 31, 2003.[1] (Doc. 15, the certified copy of the transcript of the entire record of the administrative proceedings relating to Dreena M. Barker (hereafter "Tr. __") 23-24.) The ALJ noted that those medical records, which are sparse, are not necessarily inconsistent with Plaintiff's testimony, but they provide no evidence that supports

---

[1] Plaintiff cites to later medical records to support her argument. Although those records are somewhat instructive, because multiple sclerosis is a degenerative disease, Plaintiff's condition several months after March 31, 2003, does not necessarily demonstrate what Plaintiff's condition was during the period at issue.

2

the degree of impairment Plaintiff alleges she was having, which is critical information in determining Plaintiff's functional capacity before March 31, 2003. (Tr. 24)

In his decision, the ALJ reviewed some of Plaintiff's testimony from the hearing. He also examined a letter from Julia Klein, a statement from a medical nurse, and lay statements from Plaintiff's family, friends, and acquaintances, including Plaintiff's yoga instructor and her former business partner. (Tr. 24-28.) After reviewing all the record evidence in this case, the ALJ found that Plaintiff's statements and allegations were not totally reliable and were weighted accordingly. The ALJ also found that the lay statements submitted were not totally reliable but were given significant weight. (Tr. 28.) The ALJ supported these findings by listing specific examples of how these statements and Plaintiff's testimony are inconsistent with each other and with the medical evidence Plaintiff submitted. (Tr. 28-29.) For example, the ALJ mentioned that in the August 7, 2002 doctor's office note, the month after the July funeral referenced in several lay statements, Plaintiff said she had not had any multiple sclerosis exacerbations over the last year, that she thinks the condition overall may have progressed somewhat over the last year with perhaps somewhat less energy, strength, and balance, and does not mention to her doctor that she was having significant difficulty walking, such that she needed help walking or that she needed to use a cane. (Tr. 28.) Another

3

example of a specific inconsistency mentioned by the ALJ was that Plaintiff did not see a doctor until January 2004, despite the alleged significant deterioration of her condition in December 2002 and early 2003; further, at the January 2004 visit, Plaintiff reported having a significant exacerbation of symptoms in *November 2003*, approximately eight months after her last date of eligibility for DIB. (Tr. 27.)

Plaintiff has argued that evidence exists in the record to support her petition. The Court agrees; however, the Court "'will not reweigh the evidence or substitute [its] judgment for the Commissioner's' . . . [and] may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo.'" *Lax*, 489 F.3d at 1084 (citations omitted). Despite how sympathetic the Court is to Plaintiff's condition, the Court must simply examine whether the ALJ's decision is supported by substantial evidence.

Having carefully considered the parties' memoranda and the complete record in this matter, the Court concludes that the ALJ's decision is supported by such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion. Because the ALJ's decision is supported by substantial evidence, and because Plaintiff has not shown that the decision is not free of reversible legal error, that decision

is affirmed.  *See Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

**ORDER**

Based on the above analysis, **IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.

DATED this 31st day of August, 2010.

BY THE COURT:

Samuel Alba
United States Magistrate Judge